UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | | |
|---|---|---|
| ANDREW BRUMSKIN, | ) | **AMENDED COMPLAINT** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | **13 Civ 5654 (PAC)** |
| | ) | |
| THE CITY OF NEW YORK, and | ) | |
| P.O. ISHAQ, | ) | |
| | ) | |
| Defendants. | ) | |

-----------------------------------------------------------------X

RECEIVED
FEB 2 6 2014
U.S.D.C. S.D. N.Y.

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the defendants'

violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the

United States Constitution, including its Fourth and Fourteenth Amendments.  The plaintiff seeks

damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and

attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4),

this being an action seeking redress for the violation of the plaintiff's constitutional and civil

rights.

## JURY TRIAL DEMANDED

3.      Plaintiff demands a trial by jury on each and every one of the claims pleaded

herein.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

5.      Plaintiff ANDREW BRUMSKIN is a resident of the City and State of New York.

6.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of police department and the employment of police officers as said risk attaches to the public consumers of the services provided by them.

7.      Defendant ISHAQ is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  The aforenamed defendant is and were at all times relevant herein acting under color of state law in the course and scope of his/her duties and functions as and officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him/her by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  The aforenamed defendant is sued in his/her individual capacities.

## STATEMENT OF RELEVANT FACTS

8.      On April 12, 2012, plaintiff BRUMSKIN was a customer in a store open to the

2

public for business at 490 Lenox Avenue, New York, New York.  While plaintiff was in the store intending to purchase a soft drink, defendant police officer ISHAQ entered the store.

9.      Defendant ISHAQ spoke to the manager/owner of the store, who was behind the counter.  Defendant ISHAQ requested identification from that person, and was told by that person that he did not have identification.  Defendant ISHAQ then approached plaintiff and demanded plaintiff's identification, which plaintiff gave to defendant ISHAQ.  Defendant ISHAQ told plaintiff to remain where he was and then exited the store while still in possession of plaintiff's official New York State identification.

10.      Defendant ISHAQ returned to the store approximately 20 to 30 minutes later and gave plaintiff five Complaint/Informations for violations of New York State Tax Law and the New York City Administrative Code concerning "No Prices Displayed," "Sale of Loose Cigarettes," "No NYS Certificate of Authority," "No Smoking Sign not posted," and "No tax stamp."

11.      Defendant ISHAQ's collateral purpose or objective in issuing the Complaint/Informations to plaintiff were to cite the store at 490 Lenox Avenue, a business that plaintiff had no relationship to other than being a customer, for various violations of the law; and to fulfill a quota of summonses, or a quota of summonses and arrests.

12.      The Complaint/Informations required plaintiff to appear in Criminal Court, and he did appear in Criminal Court three times until the Complaint/Informations were dismissed more than five months later on September 25, 2012.  On each occasion that plaintiff appeared at Criminal Court, defendant ISHAQ failed to appear.

## FIRST CLAIM

3

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

13.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

14.     By the conduct and actions in unreasonably seizing plaintiff BRUMSKIN, in maliciously prosecuting plaintiff, in abusing criminal process against plaintiff, and by fabricating evidence against plaintiff, defendant ISHAQ, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of his acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

15.     As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## LIABILITY OF THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

16.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

17.     At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, to wit, quotas of summonses that police officers were to fulfill, or quotas of summonses and arrests.

18.     At all times material to this complaint, defendant THE CITY OF NEW YORK

4

failed to properly train, screen, supervise, or discipline its employees and police officers, including defendant ISHAQ, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline defendant ISHAQ, concerning the proper parties to whom summonses may be issued.

19.     The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

20.     As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Pre- and post-judgment costs, interest and attorneys' fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated:     New York, New York
           February 18, 2014

MICHAEL L. SPIEGEL, Esq.
11 Park Place, Suite 914
New York, New York 10007
(212) 587-8558

*Attorney for Plaintiff*